UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DUSTIN GRAHAM GILBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:22-cv-00350-JAW |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION AFTER REVIEW
## OF PLAINTIFF'S COMPLAINT

Plaintiff alleges the State of Maine committed various constitutional violations in connection with the voluntary and involuntary commitment process at medical facilities in the state. (Complaint, ECF No. 1; Supplements to the Complaint, ECF Nos. 8, 9, 9-1, 9-2, 9-3, 10, 10-1, 13.) Plaintiff filed an application to proceed in forma pauperis, (ECF No. 2), which application the Court granted. (Order, ECF No. 6.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's filings, I recommend the Court dismiss the complaint.

### FACTUAL ALLEGATIONS

Plaintiff asserts that he has been involuntarily hospitalized fifteen times over the last fourteen years. He denies suffering from psychosis and alleges that he experiences symptoms of traumatic brain injuries he received playing youth and high school football.

Plaintiff claims that he was "detained" at St. Mary's Regional Medical Center on August 26, 2022.  Plaintiff was evidently hospitalized voluntarily at first, but he contends the voluntary commitment process is unlawfully coercive.  According to Plaintiff, voluntarily committed individuals have no true right to leave because they are always involuntarily committed whenever they attempt to exercise their right to leave.  Subsequently, Plaintiff was committed involuntarily in accordance with an order of the state District Court.  Plaintiff was confined at Riverview Psychiatric Center and is now assigned to a residential and peer support facility.

## DISCUSSION

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action.  When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

Plaintiff commenced this action against the State of Maine. The State of Maine is immune from suit in this Court under the doctrine of sovereign immunity exemplified by the Eleventh Amendment of the United States Constitution. With limited exceptions not relevant here, the State of Maine has immunity in federal court against suits brought by citizens, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment."). Plaintiff, therefore, cannot prevail on his claims against the State.

Even if the Court were to construe the complaint as raising claims against certain individuals, Plaintiff fails to state a plausible claim to relief. Plaintiff's primary argument is apparently that medical confinement violates his constitutional rights, such as the right to liberty under the Due Process Clause of the Fourteenth Amendment, because he did not

3

commit a crime. Because Plaintiff alleges he was held in a private hospital, Plaintiff is not permitted to pursue in this Court a claim against the individuals who held him because his cause of action, 42 U.S.C. § 1983, only authorizes suits against state actors, not private entities and individuals. *See Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 9 (1st Cir. 2005) (affirming dismissal of constitutional claim against medical providers following Puerto Rico involuntary commitment process); *Rockwell v. Cape Cod Hosp.,* 26 F.3d 254, 261 (1st Cir. 1994) (affirming dismissal of claim against medical providers following Massachusetts involuntary commitment process).

To the extent Plaintiff challenges the conclusions of the Maine District Court and the factual findings the court made when it approved Plaintiff's involuntary commitment, Plaintiff's claim fails because this Court lacks jurisdiction to review a final order of a state court. The *Rooker-Feldman* doctrine[1] "divest[s] lower federal courts of jurisdiction to hear cases brought by state-court losers complaining of injuries caused by state-court judgments that were rendered before the district court proceedings commenced and invite district court review and rejection of those judgments." *Klimowicz v. Deutsche Bank Nat'l Tr. Co*., 907 F.3d 61, 64-65 (1st Cir. 2018) (citation and quotation marks omitted).

Finally, to the extent Plaintiff intended to seek injunctive relief against state officials based on a facial challenge to the state statute, Plaintiff does not allege anything to distinguish the cases upholding similar civil commitment statutes based on factors other

---

[1] *See generally*, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

than a criminal act. *See Kansas v. Crane*, 534 U.S. 407, 409–10 (2002) (the Supreme Court has "consistently upheld such involuntary commitment statutes when (1) the confinement takes place pursuant to proper procedures and evidentiary standards, (2) there is a finding of dangerousness either to one's self or to others, and (3) proof of dangerousness is coupled with the proof of some additional factor, such as a mental illness or mental abnormality") (modifications and quotation marks omitted); *Young v. Murphy*, 615 F.3d 59, 64 (1st Cir. 2010) (summarizing cases).[2]

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right

---

[2] Plaintiff's challenge to his voluntary commitment fails for similar reasons. He does not allege that anyone told him he was not free to leave or made a show of force against him, and he does not explain how the possibility that medical providers might pursue involuntary commitment could be unlawfully coercive in a way that would negate his consent when the relevant actor would be unable to achieve that outcome unless the medical provider was able to satisfy the constitutional requirements of involuntary commitment.

to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of February, 2023.